UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE JOHNSON, <br> Petitioner, <br> v. <br> SUPERIOR COURT OF CALIFORNIA COUNTY OF CONTRA COSTA, <br> Respondent. | Case No. 19-cv-01517-JST <br><br> **ORDER OF DISMISSAL** <br> Re: ECF No. |

On March 22, 2019, Petitioner filed a pleading titled "Petition for a Writ of Habeas Corpus," (ECF No. 1), which the Court construes as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He has paid the filing fee. The petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. For the reasons set forth below, the petition is DISMISSED.

**DISCUSSION**

**A.  Standard**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir 1990).

**B. Habeas Claims**

The petition is far from clear. Not only is it unclear what charges have resulted in Petitioner being in custody, it is unclear if Petitioner has any federal grounds for habeas relief. Throughout the petition, Petitioner cites to state caselaw, with the exception of arguing that he is entitled to reasonable bail under the United States Constitution, *Bearden v. Georgia*, 461 U.S. 660 (1983), and *Ross v. Moffitt*, 417 U.S. 600, 666–67 (1974). ECF No. 1 at 3, 13–15.

To the best of the Court's understanding, Petitioner is alleging that his fundamental rights under state law have been violated in his ongoing state court criminal case, *People v. Johnson*, C No. 01-188003-8, in Contra Costa County Superior Court (*Johnson I*), and were violated in a prior civil case, *McNemar v. Johnson*, C No. 018-03875, also in Contra Costa County Superior Court (*Johnson II*). With respect to *Johnson I*, Petitioner alleges that, during the March 14, 2019 preliminary hearing, his fundamental rights were violated when the trial judge viewed video evidence that was not shown to him, when the prosecutor committed misconduct, when he received ineffective assistance of counsel, and when bail was denied. With respect to *Johnson II*, Petitioner alleges that the restraining order entered against him on October 2, 2018 is invalid. *Id.* at 9–10. Case No. 01-188003-8 is ongoing, ECF No. 1 at 4 and 6, and Case No. 018-03875 has been appealed to the California Court of Appeal, ECF No. 1 at 9. Petitioner requests that a writ of habeas corpus be issued, and that he be granted bail. ECF No. 1 at 11, 13–15. As explained below, the principles of *Younger* abstention require the Court to abstain from considering the claims regarding Case No. 01-188003-8, and the Court lacks subject matter jurisdiction to consider the claims regarding Case No. 018-03875 pursuant to the *Rooker-Feldman* doctrine.

**1.** *Johnson I*

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances, referred to as *Younger* abstention. *See Younger v. Harris*, 401 U.S. 37, 43–54 (1971). More specifically, federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Id.* at 46,

53–54. *Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). A fourth requirement has also been articulated by the Ninth Circuit: that "the federal court action would enjoin the state proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves [of]." *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing cases).

Abstention is appropriate with respect to Petitioner's claims regarding *Johnson I* because all of the elements of *Younger* are present. As to the first *Younger* element, Petitioner acknowledges that the state court proceedings are ongoing. ECF No. 1 at 4 and 6. As to the second *Younger* element, the Supreme Court has held that "a proper respect for state functions," such as ongoing criminal trial proceedings, is an important issue of state interest. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). As to the third prong of *Younger*, the Court finds no reason that plaintiff cannot pursue his federal constitutional claims — to the extent he is seeking to argue federal, and not state, constitutional claims — in state court. Finally, interference by this Court would cause results disapproved of by *Younger* in that it would enjoin state court proceedings. "If a state-initiated proceeding is ongoing, and if it implicates important state interests . . . , and if the federal litigant is not barred from litigating federal constitutional issues in that proceeding, then a federal court action that would enjoin the proceeding . . . would interfere in a way that *Younger* disapproves." *Gilbertson v. Albright,* 381 F.3d 965, 978 (9th Cir. 2004). *Younger* abstention is therefore appropriate here. When *Younger* applies, and the party seeks injunctive relief, as Petitioner does here by asking the Court to order his release in Case No. 01-188003-8,[1] federal courts should

---

[1] Petitioner does not explicitly ask for release, but the Court infers that he does so because he filed this case as a habeas petition. A habeas petition is by its nature a challenge to the legality and

3

dismiss the action in its entirety. *See Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001).

### 2. *Johnson II*

The Court is also barred from reviewing Petitioner's claims regarding *Johnson II*. Pursuant to the *Rooker-Feldman* doctrine, lower federal courts are without subject matter jurisdiction to review state court decisions, and state court litigants may therefore only obtain federal review by filing a petition for a writ of certiorari in the Supreme Court of the United States. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923); *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482, (1983); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) ("Stated plainly, *Rooker-Feldman* bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims."). The *Rooker-Feldman* doctrine applies even when the state court judgment is not made by the highest state court. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.3 (9th Cir. 1986). The *Rooker-Feldman* doctrine essentially bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004); *see also Skinner v. Switzer*, 562 U.S. 521, 532 (2011) ("a state-court decision is not reviewable by lower federal courts"). Petitioner's claims regarding *Johnson II* are a *de facto* appeal from a state court judgment issued by the Contra Costa County Superior Court, and the Court is therefore without subject matter jurisdiction to consider them.

## C. Certificate of Appealability

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is

---

duration of confinement. Also, Petitioner alleges that his detention violates due process and is the result of ineffective assistance of counsel. If the allegations are found true, the appropriate relief would be his release from custody.

4

DENIED.

## CONCLUSION

For the foregoing reasons, the petition is DISMISSED and a certificate of appealability is DENIED. The Clerk shall enter judgment in favor of Respondent, and close the file.

**IT IS SO ORDERED.**

Dated: April 29, 2019



JON S. TIGAR
United States District Judge